UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:08-CR-102 |
| V. | ) | District Judge Greer |
| | ) | Magistrate Judge Inman |
| JESUS HUERTA *ET AL.* | ) | |

**REPORT AND RECOMMENDATION**
**REGARDING HERNANDEZ'S MOTION TO SUPPRESS EVIDENCE**
**(DOC. 406)**

On July 3, 2008, this court issued a warrant for the search of Apartment 8, 390 Cedar Grove Road in Johnson City, Tennessee, which was defendant's residence at that time. According to the executing officer's return, he seized three drug ledgers, some digital photographs and videos extracted from a jump drive device, and 1.4 grams of marijuana.

The warrant to search defendant's residence was one of twelve issued by this court on July 3, 2008. All twelve warrants were supported by the single affidavit of Special Agent Mike Templeton of the Drug Enforcement Administration. Mr. Hernandez has filed a motion to suppress all evidence seized under that warrant, arguing that Agent Templeton's affidavit failed to state probable cause to search his apartment. (Doc. 406). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on November 9, 2009.

> The Fourth Amendment states that "no warrant shall issue but upon probable cause, supported by oath or affirmation . . . ." U.S. CONST. amend. IV. To demonstrate probable cause to justify the issuance of

> a search warrant, an affidavit must contain facts that indicate "a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005). This conclusion depends on the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 230 (1983). The probable cause standard is a "practical, non-technical conception" that deals with the "factual and practical considerations of everyday life." *Id.*, at 231.

*United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005).

When a defendant contends that the affidavit fails to establish probable cause to support the warrant, the court's review "is limited to the information presented in the four-corners of the affidavit." *Frazier*, 423 F.3d at 531.

The following paragraphs relate directly or indirectly to Mr. Hernandez:

Paragraph 6 recites that on August 9, 2007, narcotics agents stopped the vehicle driven by Jesus Huerta, and which was owned by Jonathan Shell. A subsequent search of that vehicle revealed $1,400.00 in currency, a Glock 9 mm handgun, and a substantial amount of ammunition. On Mr. Huerta's person was discovered 2.3 grams of cocaine. Mr. Hernandez was riding in the car as a passenger.

In paragraph 24, Agent Templeton recites that the confidential informant relayed information regarding the marijuana trafficking activities of Jose Colunga and others.

Paragraph 25 states that the confidential informant reported that Jose Colunga was assisted in the distribution of marijuana by defendant herein, Carlos Hernandez.

Paragraph 27 recites that Agent Templeton and others established surveillance of Mr. Hernandez's residence at 390 Cedar Grove Road in Johnson City. In paragraph 28, Agent Templeton recites that he observed three Hispanic males leave Mr. Hernandez's residence

2

and drive away in a gold Lexus registered to Jonathan Shell. A subsequent traffic stop of that vehicle revealed that the driver was Jesus Huerta, who was accompanied by Mr. Vizcarra-Lopez and Gamino-Villa.

Paragraph 35 states that the Washington County Sheriffs Office obtained from the confidential informant numerous photographs, some of which depicted Jose Colunga, Juan Colunga, defendant Hernandez herein, and others. One of those photographs showed Hernandez holding $8,000.00 in what appeared to be twenty dollar bills, which were wrapped in rubber bands and appeared to be a "doper roll."

Paragraph 44 recites that on June 8, 2008, Agent Templeton and other agents followed Jose Colunga and another co-defendant to Carmike Cinemas in Johnson City, where he observed Hernandez drive up and join Colunga and the others as they walked into the theater.

Lastly, paragraph 52 of Agent Templeton's affidavit states that based upon the foregoing, he had reason to believe that he would find at Mr. Hernandez' residence a plethora of tangible items and records constituting evidence of drug trafficking.

The totality of the circumstances described in Agent Templeton's affidavit is more than adequate to establish probable cause that Mr. Hernandez was involved in drug trafficking. Nevertheless, his attorney vigorously argues that the affidavit fails to establish any "nexus" to defendant's residence. Stated another way, defendant argues that nothing in the affidavit suggests that evidence of drug trafficking would be found at defendant's residence.

3

An affidavit filed in support of an application for a search warrant must set forth facts that establish probable cause to believe that evidence of criminal activity will be found at the place to be searched; this is the so-called nexus requirement. "[W]hether a sufficient nexus has been shown to a particular location turns in part on the type of crime being investigated, the nature of the things to be seized, the extent of an opportunity to conceal the evidence elsewhere, and the normal inferences that may be drawn as to likely hiding places."*United States v. Savoca*, 761 F.2d 292 (6th Cir.) *cert*. denied, 474 U.S. 852 (1985).

In paragraph 2(a) of Agent Templeton's affidavit, he recites that "I know that it is common for drug traffickers to secrete [sic] proceeds of drug sales and records of drug transactions in secure locations within their residences and other locations they feel are secure . . . ." The Sixth Circuit Court of Appeals has lent its imprimatur to Agent Templeton's statement: "In the case of drug dealers, evidence is likely to be found where the dealers live." *United States v. Jones*, 159 F.3d 969, 975 (6th Cir. 1998), quoting *United States v. Lamon*, 930 F.2d 1183 (7th Cir. 1991). See also, *United States v. Gunter*, 551 F.3d 472, 481 (6th Cir. 2009).

Defense counsel, as is his wont, has made a well-reasoned and thoughtful argument that *Jones*, *Lamon*, and *Gunter* are distinguishable from the facts presented by the instant search warrant. He argues that the Sixth Circuit's statement that "in the case of drug dealers evidence is likely to be found where they live," has reference to drug dealers who have been so identified by prior overt acts of distribution, whereas Agent Templeton's affidavit

4

describes no overt act, but only evidence that suggests that he was part of the larger conspiracy.

Respectfully, the court disagrees with defense counsel. In any search warrant, the question is one probable cause, not proof beyond a reasonable doubt, not even proof by a preponderance of the evidence. Probable cause is only "a fair probability that contraband or evidence of a crime will be found at a particular place." Agent Templeton's affidavit is replete with evidence that Mr. Hernandez was deeply involved in drug trafficking with Jose Colunga and others. Stated another way, the affidavit, when read in a commonsensical fashion, indicates that *probably* Mr. Hernandez was a drug dealer. From that, in line with the above-quoted Sixth Circuit precedent, it was likely that evidence of his drug dealing would be found at his residence.

It is respectfully recommended that defendant Hernandez's motion to suppress (Doc. 406) be denied.[1]

Respectfully submitted,

              s/ Dennis H. Inman
              United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).